UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-09092-MCS-SK | Date | October 29, 2024 |
| Title | Sentinel Insurance Co. Ltd. v. Maerly Payroll Processing LLC | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION**

Plaintiffs Sentinel Insurance Company Ltd., Hartford Fire Insurance Company, Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Twin City Fire Insurance Company, Hartford Underwriters Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, and Hartford Insurance Company of Illinois filed this breach of contract action against Defendant Maerly Payroll Processing LLC. (Compl., ECF No. 1.) Plaintiffs also filed a Notice of Interested Parties. (Notice of Interested Parties, ECF No. 4.)

The Court orders Plaintiffs to show cause why the Court should not dismiss the case for lack of subject-matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over cases between citizens of a state and citizens or subject of a foreign state, or between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiffs offer insufficient information about Defendant's citizenship. Limited liability companies like Defendant are citizens of "every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiffs' Complaint merely states that Defendant is organized and has a primary place of business in California but is silent as to the location of Defendant's members or owners. (Compl. ¶ 3.) Further, Plaintiffs' Notice of Interested Parties does not provide any information about Defendant's citizenship, let alone identify all of Defendant's members and their citizenship as required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1. (Notice ¶ 10.)

The Court orders Plaintiffs to show cause why the case should not be dismissed for lack of jurisdiction. Plaintiffs shall file a written response within 14 days either acknowledging the Court lacks diversity jurisdiction or providing additional facts to support diversity of citizenship, and also amending the Notice of Interested Parties accordingly.

**IT IS SO ORDERED.**